# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK ANTHONY PAWLICKI,**

        **Petitioner,**

        **v.**                  **Case No. 08-C-746**

**BRYAN BARTOW,**

        **Respondent.**

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On July 28, 2008, Mark Anthony Pawlicki ("Pawlicki"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of Wisconsin. (Docket No. 7.) Venue was not proper in that district and accordingly, the petition was transferred to this district on August 26, 2008. The petition was initially assigned to the Honorable Charles N. Clevert, Jr. and on December 29, 2008 Judge Clevert entered a screening order in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (Docket No. 15.)

On January 6, 2009, Pawlicki filed a motion for the appointment of counsel. (Docket No. 16.) On January 13, 2009, this case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 20.) On March 20, 2009, rather than filing an answer, the respondent filed a motion to dismiss the petition on the basis that the petition was untimely. (Docket No. 36.) Pawlicki has responded to this motion to dismiss, (Docket Nos. 40, 41), and the respondent has not replied. Therefore, the pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution. Also pending on the docket are Pawlicki's second

motion for the appointment of counsel, (Docket No. 27), and a motion to appoint a guardian, (Docket No. 29).

Pawlicki was sentenced for various crimes in Kenosha County Circuit Court on November 19, 2002, (Docket No. 38 in Case No. 2001CF615, Wisconsin Circuit Court Access, available at http://wcca.wicourts.gov). Pawlicki appealed and his appellate counsel submitted a no merit report to the court of appeals. (Docket No. 37-4.) On December 23, 2003, the court of appeals denied his appeal. (Docket No. 37-4.) On March 23, 2004, the Wisconsin Supreme Court denied his petition for review. (Docket No. 37-5.) Pawlicki did not file a petition for review with the United States Supreme Court and his time for doing so expired on June 21, 2004. Accordingly, on this date his conviction became final under 28 U.S.C. § 2244(d)(1)(A).

However, on this date Pawlicki filed a document that is docketed as "Motion for Miscellaneous Relief," in the court of appeals. (Docket No. 37-6.) It was denied by the court on July 8, 2004. (Docket No. 37-6; see also 37-2 at 8.) The docket indicates that the next proceedings in his case related to a request Pawlicki filed requesting the return of property, which was filed on December 15, 2004 and granted in part and denied in part by the circuit court on February 18, 2005. (Docket No. 37-2 at 8.)

On May 2, 2005, Pawlicki filed a motion for post-conviction relief in the circuit court. This motion was denied by the circuit court on October 25, 2005, and the court of appeals affirmed the circuit court on July 6, 2006. (Docket No. 37-6.) Pawlicki did not seek review by the Wisconsin Supreme Court, and his time for doing so expired on August 5, 2006. (Docket No. 37 at 3.) The next docket entry indicates the filing of a "Petition" on May 27, 2008, which was denied on May 30, 2008. (Docket No. 37-2 at 12.) Then beginning again on February 20, 2009, Pawlicki began filing various documents in the circuit court.

Pursuant to 28 U.S.C. § 2244(d)(1), a person incarcerated pursuant to a state court judgment must file a petition within 1 year of his conviction becoming final. The time during which a properly filed application for post-conviction or other collateral review is pending, is excluded from this one year deadline. 28 U.S.C. § 2244(d)(2).

As noted above, Pawlicki's conviction became final on June 21, 2004. Assuming without deciding that his "Motion for Miscellaneous Relief" constituted a properly filed motion for post-conviction review under § 2244(d)(2), the one-year clock began to run no later than August 5, 2006, when Pawlicki failed to seek review of the court of appeal's denial of this motion. It was not until May 27, 2008, 661 days later, that any further action was taken relating to his underlying conviction. Thus, it is clear that Pawlicki's petition is untimely.

A petitioner will be able to avoid the effect of the one-year statute of limitations if he is able to demonstrate that the statute of limitations should be equitably tolled. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

> While the one-year habeas statute of limitation may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004); Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004). Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Williams, 390 F.3d at 963. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." Id.; see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001).

Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006); see also Pace, 544 U.S. at 417 ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The argument that Pawlicki presents to excuse his untimeliness is that he was not able to file anything while he was in "observation status" for 120 or 180 days (he alleges 180 days in Docket

3

No. 40 and alleges 120 days in Docket No. 41), and he has various mental health issues. (Docket Nos. 40, 41.) Even if it was not possible for Pawlicki to file his petition during the 180-day period he was in "observation status," not only does Pawlicki fail to indicate when this observation period was, and even if it occurred during the most-relevant period between August 5, 2006 and May 27, 2008, 180 days would constitute only a small portion of Pawlicki's total delay.

As for his mental health issues, Pawlicki has failed to demonstrate that these issues constitute an extraordinary circumstance that prevented him from timely filing his petition. To the contrary, Pawlicki's extensive filings in state court demonstrate a longstanding ability to pursue his legal remedies; he simply waited too long before turning to federal court.

Additionally, Pawlicki has failed to demonstrate that refusing to excuse his untimeliness would result in a fundamental miscarriage of justice. See Coleman v. Thomspon, 501 U.S. 722, 750 (1991). Finally, Pawlicki has failed to demonstrate that he is actually innocent of the crime for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 317 (1995). Accordingly, the court must grant the respondent's motion to dismiss. Granting the respondent's motion to dismiss renders moot Pawlicki's pending motions, (Docket Nos. 16, 27, 29).

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss, (Docket No. 36), is **granted**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pawlicki's motions, (Docket Nos. 16, 27, 29), are **denied as moot**.

Dated at Milwaukee, Wisconsin this 3rd day of August 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge